UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

ANDRE GARRETT,                          )
                                        )
            Petitioner,                 )
                                        )    Case No. 3:14-CV-1854-JVB
v.                                      )
                                        )
SUPERINTENDENT,                         )
                                        )
            Respondent.                 )

## OPINION AND ORDER

Andre Garrett, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his convictions and 60 year sentence for murder, Attempted Robbery, and Felony Murder by the Saint Joseph Superior Court under cause number 71D02-0402-MR-6. However, habeas corpus petitions challenging a state court conviction are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). This statute provides four possible dates on which the statute of limitation can begin to run. Though Garrett attached two signature pages which contain Question 16 of the habeas corpus form (DE 1 at 19 and 20), he did not answer the question on either form nor

otherwise explain why he believes that this petition is timely. However, a review of his filings provides no indication that the state prevented him from filing a timely habeas petition, that his claims are based on a newly recognized Constitutional right, or that his claims are based on newly discovered evidence. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1-year period of limitation began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."

In this case, Garrett states in his petition that he took a direct appeal which concluded when the Court of Appeals of Indiana affirmed his conviction on August 19, 2005. He did not file a petition for transfer to the Indiana Supreme Court and the time for doing so expired on September 19, 2005. *See* Indiana Rules of Appellate Procedure 25.B and 57.C. Therefore, his conviction became final on that date. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54; 181 L. Ed. 2d 619, 636 (2012). ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."). Thus, on September 20, 2005, the 1-year period of limitation began. It continued to run until Garrett filed a Post-Conviction Relief Petition on July 31, 2006. On that date, pursuant to 28 U.S.C. § 2244(d)(2), the countdown stopped. However, by that time, 313 of the 365 days had expired. Leaving Garrett only 52 days remaining.

On May 15, 2014, the Post-Conviction proceedings ended with the denial of Garrett's Petition to Transfer by the Indiana Supreme Court. The next day the clock began counting down his remaining 52 days. Because the last day was Sunday, July 6, 2014, Federal Rule of Civil Procedure 6(a)(3)(A), automatically extended the deadline to Monday July 7, 2014. However, it was more than seven weeks later, on August 28, 2014, before Garrett signed this habeas corpus

petition. (DE 1 at 19 and 20.) Therefore this petition is untimely and will be dismissed with prejudice. Though this might seem harsh, even petitions that are one day late are time barred.

> Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests, and limitation periods work both ways – you can be sure [the petitioner] would not be pooh-poohing the prosecution's tardiness if [he] had been indicted one day after the statute of limitations expired for [his] crimes.

*United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted). *See also Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010).

Garrett has also filed a motion asking to file an amended habeas corpus petition pursuant to Federal Rule of Civil Procedure 15(a). The principles of "relation back" embodied in Rule 15 do apply to habeas corpus cases. *See Mayle v. Felix*, 545 U.S. 644, 654 (2005). However, here, because the original habeas corpus petition is untimely, he does not have anything to relate back to. Therefore the motion to amend must be denied.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This habeas corpus petition was filed after the expiration of the 1-year period of limitation. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, a certificate of appealability must be denied.

For the foregoing reasons, the court **DENIES** the motion to amend (DE 2), **DISMISSES** the habeas corpus petition (DE 1) as untimely pursuant to Section 2254 Habeas Corpus Rule 4, and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

**SO ORDERED** on September 16, 2014.

  S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE